UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALVARO CIMENTAL-AYALA,<br><br>              Plaintiff,<br>v.<br><br>CITIGROUP, INC. & GOVERNMENT NATIONAL MORTAGE ASSOCIATION (GINNIE MAE),<br><br>              Defendant. | Case No. 2:13-cv-01073-MMD-GWF<br><br>ORDER<br><br>(Def's Motion to Set Aside Entry of Default – dkt. no. 13; Def's Motion to Dismiss – dkt. no. 14) |

**I.   SUMMARY**

Before the Court are Defendant Government National Mortgage Association's ("Ginnie Mae") Motion to Set Aside Entry of Default (dkt. no. 13), and Defendant CitiMortgage, Inc.'s ("CitiMortgage")[1] Motion to Dismiss (dkt. no. 14). For the reasons set out below, the motions are granted.

**II.   BACKGROUND**

Plaintiff Alvaro Cimental-Ayala filed the Complaint in District Court in Clark County and Ginnie Mae removed to this Court. (Dkt. no. 1.) Plaintiff is proceeding *pro se*. Prior to removal, the state court entered default as to Ginnie Mae and CitiMortgage. On August 19, 2013, the Court dismissed Ginnie Mae from this action at Plaintiff's request and set aside default as to CitiMortgage because service was not properly effectuated. (Dkt. no. 12.)

---

[1] CitiMortgage is erroneously identified as Citigroup, Inc. in the Complaint. (Dkt. no. 14 at 1.)

The allegations in the Complaint are difficult to parse. The Complaint alleges that Plaintiff entered into a mortgage with iMortgage Funding Corp. and that the mortgage loan was secured by a Deed of Trust. The Complaint also alleges that CitiMortgage became beneficiary of the Deed of Trust. CitiMortgage states that it appointed Northwest Trustee Services as Trustee. (Dkt. no. 14 at 3.) According to CitiMortgage, Plaintiff failed to make mortgage payments and Northwest Trustee Services initiated a foreclosure sale. (*Id.*) The Complaint does not identify a legal theory under which it seeks relief, but states that "[j]urisdiction arises under Nevada and Federal statutes for intentional misrepresentation and negligent misrepresentation." (Dkt. no. 1, Ex.1 at ¶3.)

CitiMortgage now moves to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6). Ginnie Mae moves to set aside default.

### III.   DISCUSSION

#### A.   Ginnie Mae's Motion to Set Aside Entry of Default

Defendant Ginnie Mae filed a Motion to Set Aside Default pursuant to Fed. R. Civ. P. 55(c). (Dkt. no. 13.) Rule 55(c) provides that a court may set aside a default for "good cause shown." The good cause analysis considers three factors: (1) whether Ginnie Mae engaged in culpable conduct that led to the default; (2) whether Ginnie Mae had a meritorious defense; or (3) whether reopening the default judgment would prejudice Plaintiff. *See Franchise Holding II, LLC. v. Huntington Rest. Grp., Inc.*, 375 F.3d 922, 925–26 (9th Cir. 2004) (citation omitted). These factors are disjunctive and the Court is free to deny the motion if any of the three factors are true. *Id.* at 926.

The Court finds that good cause exists to grant Ginnie Mae's motion. Ginnie Mae did not engage in culpable conduct leading to the default because service was not properly effectuated. Ginnie Mae has also set forth facts that, if true, would constitute a meritorious defense, such as sovereign immunity, Plaintiff's failure to exhaust administrative remedies and insufficient service of process. Lastly, the Court finds that Plaintiff will not be prejudiced by setting aside the default as Plaintiff has voluntarily dismissed Ginnie Mae from this action and has failed to respond to its motion.

### B. CitiMortgage's Motion to Dismiss

#### 1. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged–but not shown–that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550

1 | U.S. at 562 (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.
2 | 1989) (emphasis in original)).

3 | Allegations in *pro se* complaints are held to less stringent standards than formal
4 | pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449
5 | U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam); *see also*
6 | *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir.2011); *Balistreri v. Pacifica Police Dep't*,
7 | 901 F.2d 696, 699 (9th Cir.1990).

8 | **2.   Analysis**

9 | CitiMortgage argues that the Complaint should be dismissed because it is
10 | "incomprehensible" and because it does not "identify particular causes of action, specific
11 | claims, or the required elements thereof, leaving [CitiMortgage] to guess as to the
12 | specific type of misconduct the Plaintiff alleges." (Dkt. no. 14 at 5.) Plaintiff argues that
13 | the Complaint does provide CitiMortgage "fair notice of the charges" and "the grounds
14 | therefore." (Dkt. no. 14.) The Court finds that the Complaint fails to state a claim upon
15 | which relief can be granted.

16 | The Court has reviewed the record, the Complaint and Plaintiff's summary of her
17 | claim in her opposition but is unable to understand the alleged misconduct or draw a
18 | reasonable inference that CitiMortgage is liable. The Complaint alleges that CitiMortgage
19 | "knowingly misrepresented actual ownership of deed of trust in effort to execute
20 | collateral" and that Plaintiff "had a justified reliance on truthfulness of ownership and
21 | proper assignments which was misrepresented by [CitiMortgage's] account of ownership
22 | beneficiary through endorsement, assignments, and Notice of Defaults." (Dkt. no. 1, Ex.
23 | 1 at ¶¶3-4.) From this language, it appears as though Plaintiff alleges misrepresentation
24 | by CitiMortgage, but the Complaint is not clear as to what the alleged misrepresentation
25 | is or how it caused injury to Plaintiff.

26 | Plaintiffs' complaint is so deficient that the Court cannot ascertain the causes of
27 | action or the facts upon which they rely. The Complaint does not give fair notice of the
28 | claims or factual allegations to allow CitiMortgage to answer or defend itself. Plaintiff's

opposition does not clarify the issue. It states that Plaintiff can prove CitiMortgage's misrepresentation and summarizes aspects of Plaintiff's claim, but it does not articulate the alleged misrepresentation in a manner that the Court can understand. At best, the Complaint offers legal conclusions not afforded the assumption of truth and avers to misconduct without identifying what the misconduct actually may have been. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted and the Complaint is dismissed.

The Court has discretion to grant leave to amend and should freely do so "when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (*quoting* Fed. R. Civ. P. 15(a)). As Plaintiff is proceeding *pro se*, the Complaint has not been previously amended, and the Court cannot conclude that amendment would be futile, the Court grants leave to amend the Complaint.

## IV. CONCLUSION

It is therefore ordered that Ginnie Mae's Motion to Set Aside Entry of Default (dkt. no. 13) is granted.

It is further ordered that CitiMortgage's Motion to Dismiss (dkt. no. 14) is granted. Plaintiff may file an Amended Complaint within thirty (30) days of this order to cure the deficiencies of her Complaint. Failure to file an amended complaint within thirty (30) days shall result in dismissal of this action with prejudice.

DATED THIS 27th day of January 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE